

FILED
IN OPEN COURT

NOV 19 2007

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:07CR |
| | ) | |
| PEABODY CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Dana J. Boente, Acting United States Attorney for the Eastern District of Virginia, Joseph DePadilla and Blair C. Perez, Assistant United States Attorneys, the defendant, PEABODY CORP., and the defendant's counsel have entered into an agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

**1) Offense and Maximum Penalties**

The defendant agrees to waive indictment and plead guilty to Counts One and Two of the pending criminal information. Count One charges the defendant with Conspiracy to Harbor Illegal Aliens, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i). The maximum penalties for this offense are a fine in an amount of not more than $500,000.00 or an amount not more than twice the defendant's gross gain from the offense, full restitution, a special assessment, and a term of probation not to exceed five years. Count Two charges the defendant with False Representation of a Social Security Number, in violation of Title 42, United States Code, Section 408(a)(7)(B). The maximum penalties for this offense are a fine in an amount of not more than $500,000.00 or an amount not more than twice the defendant's gross

1

gain from the offense, full restitution, a special assessment, and a term of probation not to exceed five years.

This plea agreement is expressly conditioned upon the United States District Court's acceptance of the guilty pleas of co-defendants YVONNE MICHELLE PEABODY and WILLIAM FRANCIS PEABODY pursuant to their respective written Plea Agreements. If one or more co-defendant fails to enter and abide by the terms of his or her respective guilty plea, then this agreement will be considered to be breached and the defendant, the co-defendants, and any officer, director, or employee of the defendant will be subject to prosecution for offenses described in the criminal information and any other federal offense.

2) **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

3) **Role of the Court and the Probation Office**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and after careful review of the applicable advisory fine range and Title 18, United States Code, Sections 3553(a) and 3572, the parties agree that a fine of $250,000 on Count One and a fine of $250,000 on Count Two, resulting in a total fine of $500,000, constitute appropriate fines. The defendant understands that pursuant to Rule 11(c)(1)(C), if the Court accepts this plea agreement, the Court has agreed to the fine of $500,000 and the forfeiture agreed upon by the parties. The agreed

disposition does not affect the probation term that may be imposed by the Court, and the Court may impose any period of probation within the maximum term permitted by law. The parties understand that a full Presentence Report will be prepared.

### 4) Waiver of Appeal, FOIA and Privacy Act Rights

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

### 5) Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of four hundred dollars ($400.00) per count of conviction, pursuant to 18 U.S.C. § 3013(a)(2)(B).

### 6) Payment of Monetary Penalties

The parties agree that the criminal fines, as specified in paragraph 3, take into account the cooperation called for in the agreement, the remedial actions taken by the defendant, and the impact

of the forfeiture in disgorging the pecuniary gains from the organization. The defendant understands and agrees that, pursuant to Title 18, United States Code, Sections 3613, the monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, the defendant agrees to provide all of its financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination.

7) **Defendant's Cooperation**

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government. In that regard:

- a) The defendant agrees any officer, director or employee it produces for testimony will testify truthfully and completely at any grand juries, trials or other proceedings.

- b) The defendant agrees to make any officer, director or employee reasonably available for debriefing and pre-trial conferences as the United States may require.

- c) The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

- d) The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to

this case during ensuing debriefings.

e) The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

f) Nothing in this agreement places any obligation on the government to seek the defendant's cooperation or assistance.

8) **Use of Information Provided by the Defendant Under This Agreement**

Pursuant to Section 1B1.8 of the Sentencing Guidelines, no truthful information that the defendant provides pursuant to this agreement will be used to enhance the defendant's guidelines range. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested. Nothing in this plea agreement, however, restricts the Court's or Probation Office's access to information and records in the possession of the United States.

9) **Prosecution in Other Jurisdictions**

The United States Attorney's Office for the Eastern District of Virginia will not contact any other state or federal prosecuting jurisdiction and voluntarily turn over truthful information that the defendant provides under this agreement to aid a prosecution of the defendant in that jurisdiction. Should any other prosecuting jurisdiction attempt to use truthful information the defendant provides pursuant to this agreement against the defendant, the United States Attorney's Office for the Eastern District of Virginia agrees, upon request, to contact that jurisdiction and ask that jurisdiction to abide

5

by the immunity provisions of this plea agreement.

**10)     Defendant Must Provide Full, Complete and Truthful Cooperation**

In return for complete fulfillment by the defendant of its obligations under this agreement, including providing full, complete and truthful cooperation and paying the forfeiture described in paragraph 13, the United States Attorney's Office for the Eastern District of Virginia agrees not to prosecute the defendant for other violations of federal criminal law which are presently known to said office or further prosecute the defendant for the specific conduct described in the information or statement of facts.

**11)     Motion for a Downward Departure**

The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Sections 5K1.1 and 8C4.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

**12)     Forfeiture Agreement**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and after a careful analysis of the proceeds gained by the defendant as a result of the offenses of conviction, the parties have determined that an agreed upon forfeiture of six million, two hundred fifty-eight thousand, six hundred and thirty-eight dollars ($6,258,638.00 USD), would appropriately disgorge the defendant of its criminal proceeds. The defendant understands that pursuant to Rule 11(c)(1)(C), if the Court accepts this plea agreement, the Court has agreed to the specific forfeiture agreed upon by the parties. The defendant further agrees to pay the forfeiture within **30 days** from the date of entry of

the guilty plea, by wiring six million, two hundred fifty-eight thousand, six hundred and thirty-eight dollars ($6,258,638.00 USD), to an escrow account to be designated by the United States Marshals Service and in accordance with written instructions from the United States Attorney's Office. If payment is not made to the designated account within this 30 day period, the agreement will be considered breached, and the defendant, co-defendants YVONNE MICHELLE PEABODY and WILLIAM FRANCIS PEABODY, and any officer, director or employee of the defendant shall be subject to prosecution of offenses described in the criminal information and any other federal offense. The defendant further agrees to waive all interest in the funds in any administrative or judicial forfeiture proceeding, whether criminal or civil. The defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

### 13) Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture

proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of harboring illegal aliens and inducing them to reside and remain in the United States.

### 14) Mandatory Compliance with Department of Homeland Security and Social Security Administration Pilot Program for Determining Workforce Eligibility

The defendant agrees to use the "Pilot Program" created by Department of Homeland Security and Social Security Administration to screen all employees for determining workforce eligibility for work with the defendant or any of its sister companies, including Trawler William F. Peabody Inc., Trawler Miss Vertie Mae Inc., Trawler Yvonne Michelle, Inc., and Trawler Crystal & Rebecca Inc. The defendant agrees that it will maintain the associated documentation showing the workforce is legal. The defendant further agrees to abide by the requirements stated in Title 46, United States Code, Section 8103.

### 15) Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement; fails to make timely payment of the agreed to forfeiture; commits or attempts to commit any additional federal, state or local crimes; intentionally gives materially false, incomplete, or misleading testimony or information; or otherwise violates any provision of this agreement, then:

    a) The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered

pursuant to this agreement;

b) The defendant will be subject to prosecution for any federal criminal violation that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c) Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided by the defendant, its officers, directors, and employees, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on

"substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Sections 5K1.1 and 8C4.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

### 16) Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and its attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

### 17) Statement of Corporation Authorization

The undersigned corporate officer of the defendant hereby certifies that he is authorized by the defendant corporation to act on its behalf in connection with the defendant's decision to waive indictment, admit to facts, enter into this Plea Agreement, and thereby plead guilty to the offense described in the Criminal Information, and that a corporate resolution so empowering said officer has been duly made and approved by the officers of the defendant corporation, a certified copy of which resolution is appended hereto as ~~Attachment A~~ EXHIBIT 2, and incorporated herein by reference.

DANA J. BOENTE
ACTING UNITED STATES ATTORNEY

By: _____
Joseph DePadilla
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number -757- 441-6331
Facsimile Number - 757 - 441-6689
E-mail Address - joseph.depadilla@usdoj.gov

By: _____
Blair C. Perez
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number -757- 441-6331
Facsimile Number - 757 - 441-6689
E-mail Address - blair.perez@usdoj.gov

Approved by: _____
Robert J. Seidel, Jr.
Supervisory Assistant United States Attorney

Defendant's Certification: The defendant, through the undersigned corporate officer, hereby agrees that it has consulted with its attorney and fully understands all rights with respect to the pending Criminal Information. Further, the defendant fully understands all rights with respect to the provisions of the Sentencing Guidelines and Policy Statements which may apply in my case. The defendant's authorized corporate officer has read this Plea Agreement and carefully reviewed every part of it with Peabody Corporation's attorney. The defendant understands this Agreement and voluntarily agrees to it.

PEABODY CORP.

By: William F. Peabody,
President

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed 18 U.S.C. §§ 3553 and 3572, and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 11/19/07

Kenneth D. Bell, Esq.
Counsel for the Defendant
North Carolina Bar #10800
Hunton & Williams
Bank of America Plaza, Suite 3500
101 South Tryon Street
Charlotte, NC 28280
Office Number 704-378-4834
Facsimile Number - 704 - 331-4237
E-mail Address - kbell@hunton.com

Date: 11/19/07

*/s/ John E. Holloway*
John E. Holloway, Esq.
Counsel for the Defendant
Virginia Bar #28145
Hunton & Williams
500 East Main Street, Suite 1000
Norfolk, VA 23510
Office Number 757-640-5360
Facsimile Number - 757 - 625-7720
E-mail Address - jholloway@hunton.com